■ WILLIAM C. HOPPER et al., Respondents-Appellants, v REGIONAL SCAFFOLDING & HOISTING CO., INC., Doing Business as

REGIONAL LADDER AND SCAFFOLDING Co., Appellant-Respondent, et al., Defendants. (And a Third-Party Action.) [800 NYS2d 3]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered on or about April 8, 2004, which, after a jury verdict in plaintiffs' favor, denied that portion of defendant Regional's posttrial motion to set aside the verdict on liability and granted that portion seeking to set aside the damage awards as excessive only to the extent of ordering a new trial on damages unless plaintiffs agreed to reduce the awards from $1.5 million to $1 million for future pain and suffering, from $1.1 million and $2.9 million for past and future loss of earnings to $400,000 and $900,000, respectively, and from $300,000 and $1.2 million for past and future loss of services and society to $100,000 and $300,000, respectively, unanimously modified, on the law and the facts, to the extent of reinstating the jury's verdict in all respects except as to the awards for past and future loss of services and society, which are instead reduced to $200,000 and $600,000, respectively, and otherwise affirmed, without costs. In the event plaintiffs stipulate their acceptance of the conditional award, as modified herein, within 30 days of service of a copy of this order, with notice of entry, the Clerk is directed to enter judgment accordingly.

Although defendant subcontractor Regional was not in privity of contract with the plaintiff worker; it was contractually responsible for maintenance and repair of the material hoist he was hired to operate, and thus owed this worker a duty of care. Regional's failure to perform its contractual duties by properly maintaining and preparing the hoist resulted in injury to the worker, who had "detrimentally relie[d] on the continued performance of [Regional's contractual] duties" (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). The contract was "comprehensive and exclusive" as to maintenance and repair of the material hoist, thus making defendant solely liable for its safe and effective use. As such, Regional should have foreseen the likelihood of physical harm to third parties such as the plaintiff worker if it failed to properly maintain and repair the hoist (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]).

We have considered Regional's additional arguments regard-

ing the weight of the evidence and find them without merit. The verdict was properly supported by the evidence.

There was also no evidence that the worker had contributed to the accident. Accordingly, no jury charge regarding contributory negligence was warranted.

As a result of two separate accidents in which the hoist malfunctioned, first in 1995 and then in 1997, the worker suffered a hemorrhage in the spinal cord consistent with a cavernous hemangioma that caused him tremendous pain, an inability to walk accompanied by a dropped foot and loss of feeling in his legs, as well as a host of other neurological complications. He underwent spinal surgery to evacuate the hemorrhage, spent three weeks in the hospital and four weeks at an inpatient rehabilitation facility, and then underwent physical therapy as an outpatient for two years. His prognosis is poor, he is incapable of sitting for long periods of time, he lives in constant pain, and suffers from the inconvenience of frequently feeling he has to urinate. Given the evidence, the trial court's reduction of the jury's award for damages was not warranted and we reinstate the jury's awards except for the loss of services and society, which are modified as indicated above. Concur—Saxe, J.P., Ellerin, Sweeny and Catterson, JJ.